Compiler

FILED
SUPERIOR COURT
OF GUAM

2013 NOV -5 PM 4: 56

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM <br><br> v. <br><br> MARIANO TACLA PERE, <br><br> Defendant. | CRIMINAL CASE NO. CF0483-12 <br><br> **DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 4th day of November, 2013, for hearing on the Defendant's Motion for Mistrial. Attorney David Lujan of Lujan Aguigui & Perez LLP represented the Defendant, and Assistant Attorney General Matthew Heibel represented the Government. For the reasons set forth below, the Court denies the motion.

## ANALYSIS

The basic allegation of the Defendant's motion is that the Government failed to disclose police notes governed *People v. Laxamana*, 2001 Guam 26, prior to trial. The Defendant argues that the Government's nondisclosure of *Laxamana* notes impaired his ability to investigate and prepare cross-examination of the Government's witnesses to such an extent that he has suffered substantial prejudice to his rights under the Confrontation Clause of the Sixth Amendment, and that he has therefore been denied his right to a fair trial.

Under *People v. Flores*, 2009 Guam 22 ¶ 9, the granting of a mistrial is a decision within the sound discretion of the trial court. Courts have long acknowledged that mistrial is an extreme sanction, and have granted mistrials where there has existed "manifest necessity" for doing so. *Arizona v. Washington*, 434 U.S. 497, 505 (1973). In general, a mistrial is an appropriate remedy for a discovery violation by the Government only when the violation has resulted in prejudice to the Defendant's substantial rights. *People v. Cruz*, 70 F.3d 1090, 1091-92 (9th Cir. 1995). For *Laxamana* violations in particular, the Superior Court has broad discretion in rendering appropriate relief, and less drastic sanctions are favored for *Laxamana* violations that do not substantially prejudice the Defendant's rights. *See, e.g., People v. Naich*, 2013 Guam 7, ¶ 46 (Superior Court acted within its discretion in denying a motion to dismiss for *Laxamana* violations that were unintentional and only minimally prejudicial).

At the outset, the Court notes that it sees no indication of any intentional or willful misconduct or unethical behavior by the prosecution in this case. Contrary to the intimations of defense counsel, this does not appear to the Court to be a case in which the prosecution has maliciously shirked its discovery obligations in an attempt to seize a tactical advantage at trial.

The Court is guided by *People v. Cruz, id.*, which is closely analogous to the case at bar. In *Cruz, id.*, the Government failed to produce a police report in discovery. The police report came to light at trial and the Court granted a four-day continuance to allow the defense to review and late-arriving evidence. The Defendant claimed on appeal that a mistrial should have been granted. The Ninth Circuit rejected this argument because the Defendant "ha[d] not articulated (a) how his nonreceipt of materials placed him at a 'severe disadvantage,' (b) how the omission affected the presentation of his defense, (c) which of his 'substantial rights' were prejudiced, nor (d) how those rights were prejudiced." *Id.* at 1092.

Like the Defendant in *Cruz, id.*, the Defendant in the case at bar provides only the naked allegation that his trial strategy would have been affected by the additional evidence. He does not discuss the relevance of the *Laxamana* notes or, crucially, their materiality to the outcome of this trial. The Court, examining the circumstances of this case, sees no way in which the discovery would have afforded the Defendant an opportunity to adopt a different trial strategy that would have significantly affected his chances of obtaining an acquittal. *See Cruz, id.* The Defendant has failed to demonstrate substantial prejudice arising from any discovery violation.

Finding no substantial prejudice resulting from the discovery violation, the Court accordingly cannot find any violation of the Constitutional rights afforded to the Defendant by the Confrontation Clause of the Sixth Amendment, and cannot find that the Defendant's right to a fair trial has been compromised. The Court finds no manifest necessity for mistrial, no substantial prejudice to any substantial right of the Defendant, no implication of fundamental fairness in denying the mistrial, and no interest of justice that would be served by granting the mistrial. The Court therefore concludes, in the exercise of its discretion under *People v. Flores*, 2009 Guam 22 ¶ 9, that a mistrial is not appropriate under the circumstances of this case.

## CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss Indictment and for Mistrial is **DENIED**.

NOV 0 5 2013

**IT IS SO ORDERED** this day of _____.

_____
HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

NOV 0 2013

Deputy Clerk, Superior Court of Guam

Page 3 of 3